IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-266-CR





THOMAS ED MAULTSBY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT



NO. 4878, HONORABLE HUME COFER, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of
methamphetamine and assessed punishment at imprisonment for fourteen years. Texas Controlled
Substances Act, Tex. Health & Safety Code Ann. § 481.115 (West 1992). The district court
rendered judgment accordingly. We will affirm.

 On January 31, 1992, an automobile driven by appellant was stopped by police
officers in Lampassas County. The officers found in the back seat of the car a five-gallon bucket
containing several small marihuana plants. Later that day, appellant's house in rural San Saba
County was searched pursuant to a warrant. In a closet, officers found methamphetamine,
syringes, and other drug paraphernalia. The officers also found a jar containing a small
marihuana plant. Other marihuana plants were found growing in a nearby field. 

 Appellant was charged with three offenses: possession of marihuana in Lampasas
County, possession of marihuana in San Saba County, and the instant possession of
methamphetamine in San Saba County. The San Saba marihuana prosecution was docketed in the
county court as cause number 5184. This cause was later transferred to district court on
appellant's motion, where it was docketed as cause number 4886 and consolidated for trial with
cause number 4878. Tex. Code Crim. Proc. Ann. art. 4.17 (West Supp. 1994). On the day jury
selection began, the district court dismissed cause number 4886.

 In his first point of error, appellant asserts that he is entitled to a new trial because
portions of the court reporter's notes have been lost or destroyed. Tex. R. App. P. 50(e). 
According to appellant, the statement of facts does not contain transcriptions of the court
reporter's notes from county court proceedings in cause number 5184 conducted on the following
dates: February 27, 1992; March 23, 1992; May 7, 1992; June 18, 1992; July 15, 1992;
September 13, 1992; September 21, 1992; and September 27, 1992. Appellant also complains
that the statement of facts does not contain transcriptions of the court reporter's notes from district
court proceedings in the cause number 4878 conducted on the following dates: May 5, 1992;
October 21, 1992; December 2, 1992; and March 11, 1993.

 Appellant admits in his brief that a court reporter was not present in county court
on February 27, March 23, or May 7, 1992. If a proceeding was not recorded, Rule 50(e) is not
applicable. Gibbs v. State, 819 S.W.2d 821, 828 (Tex. Crim. App. 1991). Appellant's brief
states that a court reporter was present in county court on the other dates mentioned, but that
statement is challenged by the State. See Tex. R. App. P. 74(f). Appellant refers us to no
evidence in the record to sustain his contention that proceedings were held and recorded in county
court on June 18, July 15, September 13, September 21, or September 27, 1992. The county
court's docket sheet appears in the record and does not reflect that proceedings, recorded or
otherwise, were conducted in that court on those dates.

 Appellant's complaint with respect to the alleged proceedings in district court is
equally without support in the record. Appellant does not allege that a court reporter was present
on any of the dates mentioned. The district court's docket sheet reflects that appellant appeared
for docket calls on May 5 and December 2, 1992, and on March 11, 1993, but there is no
indication that a reporter was present. Having failed to show that any portion of the court
reporter's notes has been lost or destroyed, appellant has failed to demonstrate his entitlement to
a new trial. Gibbs, 819 S.W.2d at 828. Point of error one is overruled.

 In his second point of error, appellant contends the county court forced him to
proceed with a hearing on his discovery motions in cause number 5184 in the absence of a court
reporter. The hearing in question allegedly was held on August 13, 1992. The county court's
docket sheet has this entry for that date: "Pretrial Motions." There is no indication on the docket
sheet that a hearing was actually held on that date, and the State challenges the accuracy of the
facts recited in appellant's brief. In the absence of any record evidence to substantiate appellant's
contention, no error is presented. Point of error two is overruled. (1)

 Appellant's last point of error complains of the district court's refusal to order the
State to produce for inspection the five-gallon bucket and marihuana plants found in his
automobile. A trial court must permit discovery in a criminal case only if the evidence sought is
material to the defense of the accused. Quinones v. State, 592 S.W.2d 933, 941 (Tex. Crim.
App. 1980). The test for materiality is whether there is a reasonable probability that, had the
evidence been disclosed to the defense, the result of the proceedings would have been different. 
Thomas v. State, 837 S.W.2d 106, 112 (Tex. Crim. App. 1992). Appellant asserts that the bucket
and its contents were relevant to his defensive theory that William DuBois, a paid informer,
planted the contraband in appellant's house and automobile. 



Appellant desired to have a scientific comparison conducted to compare the plants
and dirt with the one small plant and dirt found in the Appellant's bathroom, and
with the 54 plants and dirt found 200 yards from Appellant's home, to show that
they were dissimilar. The Appellant also desired to have the bucket found in
Appellant's car in Lometa tested for fingerprints, in order to show that Appellant's
prints were not on the bucket and that DuBose's [sic] fingerprints were present,
thus establishing that DuBose [sic], not the Appellant, placed the bucket in
Appellant's car. This would undercut DuBose's [sic] contention that he had not
planted the baggie [of methamphetamine], seedling and seeds in Appellant's
bathroom.



 There is no reasonable probability that the result of this prosecution would have
been different if the items sought by appellant had been produced by the State and used by him
to their best effect. This was a prosecution for possession of methamphetamine. Any
dissimilarity between the marihuana plants and soil found in appellant's car and the marihuana
plant and soil found in appellant's house was simply irrelevant to appellant's guilt of the charged
offense. It was undisputed that DuBois spent the afternoon and evening in question with appellant
and his wife, and rode in the back seat of appellant's car with the bucket of marihuana. Under
the circumstances, a showing by the defense that DuBois's fingerprints were on the bucket would
not have undermined DuBois's assertion that he did not put the contraband in appellant's house
and car, nor would it have raised any additional doubt regarding appellant's possession of the
methamphetamine. Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed:

Filed: May 11, 1994

Do Not Publish

1.   Although we do not decide points of error one and two on this basis, we note that
appellant does not explain the materiality of the proceedings held in county court in cause
number 5184. As previously noted, that cause ultimately was transferred to and dismissed
by the district court.